For the reasons indicated the judgment will be reversed and the cause remanded.

MORROW, J. Concurring in the reversal, I want to make it clear that there is no intention to modify the established rule of evidence which permits the party offering a witness under proper circumstances to support him by proof of prior statements made by him consistent with the evidence he gives on the trial.

PRENDERGAST, J. (dissenting in part). The bills of exceptions to the testimony of Mr. De Graffenreid and Mr. Plott, the sheriff, directly, on their face, show that the witness "Boozer" Vasser admitted that he had made contradictory statements, in effect, directly the reverse of what he had testified on this trial. This was proven by the appellant for the very purpose of impeaching his testimony on this trial. Under such circumstances there can be no question but that the state had the right to support his testimony upon this trial as proving, as it did, by said De Graffenreid and Plott that soon after the killing said witness Vasser made to them statements of the facts corresponding substantially, if not literally, to what his testimony was on this trial. Their testimony was clearly admissible for the purpose of supporting the attempted impeachment of said witness. The court so limited, by his charge, their testimony. The question of proving what the witness Vasser had told before was not an attempt to prove the declaration of a conspirator at all. No such question arose. The testimony was not offered for that purpose.

If the circumstances proven would show or tend to show that appellant knew of the conduct of his wife with the deceased, such testimony would be admissible as showing a motive by appellant to kill the deceased. It would not be necessary to prove his actual knowledge of her intimacy with deceased. Of course, if the testimony showed that he had no notice or knowledge of her conduct, then the testimony of the witnesses as to her acts of intimacy would not be admissible. All the testimony about the horse's tracks was admissible.

I concur in the reversal solely on the admission of the cross-examination of appellant's wife on independent new matters incriminating appellant which were not testified to in any way by her on direct examination.

---

MOYE v. STATE. (No. 4721.)

(Court of Criminal Appeals of Texas. Nov. 28, 1917.)

CRIMINAL LAW &#9758;1090(1)—APPEAL—RECORD—SUFFICIENCY.

Where record on appeal from conviction of murder contains no statement of facts or bill of exceptions, and nothing in the motion for new trial can be reviewed in the absence of the facts, the conviction will be affirmed.

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Will Moye was convicted of murder and he appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

---

DAVIDSON, P. J. Appellant was convicted of murder, his punishment being assessed at 12 years' confinement in the penitentiary. The record is before us without statement of facts or bill of exceptions. There is nothing brought forward in the motion for new trial that can be considered in the absence of the facts.

The judgment will therefore be affirmed.